**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MERCEDES-BENZ USA, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:23-cv-02281 |
| | ) |
| v. | ) Judge Mary M. Rowland |
| | ) |
| JP MOTORS, INC., | ) Magistrate Judge M. David Weisman |
| | ) |
| Defendant. | ) |

**JP MOTORS' PRELIMINARY OBJECTION
TO MBUSA's MOTION FOR INTERIM RELIEF**

Defendant JP Motors, Inc. ("JP Motors") submits this preliminary objection[1] to Plaintiff Mercedes-Benz USA, LLC's ("MBUSA") Motion for Interim Relief (the "Motion"):

1. MBUSA's Motion, filed only about 48-hours ago, is: (1) not an emergency under any definition; (2) asks this court to enter what amounts to a mandatory injunction that moves a statutory deadline under the Illinois Motor Vehicle Franchise Act (815 ILCS 710/1, *et seq*.) (the "IMVFA"); and (3) seeks to circumvent the Illinois Motor Vehicle Review Board (the "Board") process in place for disputes between manufacturers and motor vehicle dealers, and where an action is pending between the same parties and scheduled for a final hearing on January 16, 2024 (*JP Motors v Mercedes Benz USA, Inc.*, MVRB 339-23). Not happy with the results before the Board, MBUSA now asks this Court to jump in despite this Court (Judge Rowland) having stayed this action.

2. This Court stayed this action to determine whether the pending action before the Board between the same parties would proceed there because MBUSA moved to dismiss the Board

---

[1] Plaintiff's Motion was not styled as an "emergency" nor was it ever noticed for presentment. JP Motors is submitting this truncated objection to the Motion prior to a conference with the Emergency Judge at 4:45 p.m. today and, if necessary, can respond more fully.

action arguing lack of jurisdiction. However, not only did the Board deny MBUSA's motion, but it entered a scheduling order and a final hearing date. A copy of the Board's September 12, 2023, scheduling order is attached as **Exhibit 1.**

3. This last-minute fire drill is a result of a letter sent by MBUSA to JP Motors nearly 60-days ago. In the August 17, 2023, letter (a copy of which is attached hereto and incorporated herein as **Exhibit 2**), MBUSA wrote: "*as of August 10, 2023*, subject to your providing us with certain documents *at closing*, we had received *all of the other documents and information that we had requested*." [Ex. 2, Letter from Hannah Wilder to Joseph Leydon (Aug. 17, 2023) (emp. add.).] … "Accordingly absent further direction from the Federal Court or the Illinois Motor Vehicle Review Board, *will [sic] notify you, on or before October 9, 2023, whether we will*: (i) approve, disapprove, or exercise rights of first refusal with respect to the proposed transaction, or (ii) abstain from making such a decision pending a resolution of the parties' dispute by the Federal Court or Board." [*Id.*, emp. add.]

4. Despite sending its letter in August, MBUSA does not want to live up to its commitment to either approve, disapprove, or exercise its right of first refusal, or abstain from taking a position on those issues by October 9, 2023. Instead, MBUSA, now seeks "interim" relief from this Court to extend a 60-day deadline that is not just "contractual," but in fact, a 60-day deadline set by the Illinois legislature under Section 4(e)(6)(A) and 4(e)(11) of the IMVFA. 815 ILCS 710/4. MBUSA is also asking to lift the stay of this litigation, which was put into place on August 1, 2023. With the Board fully engaged, MBUSA effectively tries to litigate this dispute in two venues, which is contrary to decisions in the Northern District that call for this Court to abstain on matters governed by the IMVFA in favor of the specialized Board. *E.g.*, *Nissan North America, Inc. v. Jim M'Lady Oldsmobile, Inc.*, No. 07 C 6304, 2008 U.S. Dist. LEXIS 84700, at *13-22

(N.D. Ill. Aug. 29, 2008) (abstaining in motor vehicle manufacturer's declaratory judgment action that required interpretation of the IMVFA, in favor of parallel Board action); *Lou Bachrodt Chevrolet Co. v. GM LLC*, No. 12 C 7998, 2013 U.S. Dist. LEXIS 98870, at *23 (N.D. Ill. July 15, 2013) (same because the manufacturer's argument for federal adjudication "ignore[d] Illinois' interest in providing a tribunal to expeditiously resolve manufacturer-dealer disputes . . . regardless of the source of the substantive law that controls resolution of the dispute.").

5. The interim relief that MBUSA is seeking is inappropriate for several reasons. *First*, there is no emergency and no basis to enter what is effectively a judicial decree extending a statutory deadline at the last minute, even until Judge Rowland returns. While JP Motors recognizes that Judge Rowland is not presently available to make this decision, MBUSA could have brought this issue to the Court's attention months or weeks ago if it believed there was really a risk of prejudice from the passage of the October 9, 2023, deadline. Any claimed emergency presented in this case is of MBUSA's own making and does not justify hearing this issue on an emergency basis or even entering a limited stay of the statutory deadline until Judge Rowland returns. *In re Willis-Widby*, No. 06-80879, 2007 Bankr. LEXIS 1732, at *2 (Bankr. C.D. Ill. May 23, 2007) (denying emergency relief where issue could have been advanced sooner, as expedited proceedings with little notice would prejudice other parties that could have been notified earlier). Moreover, counsel for MBUSA's letter to Judge Rowland providing her with a courtesy copy of the Motion plainly admits this is not an emergency (*see* Letter from Randall Oyler to Judge Rowland (Oct. 3, 2023), attached as **Exhibit 3**.)

6. *Second*, there is no reason to enter a stay of the statutory 60-day deadline to approve or reject the sale because MBUSA will not be irreparably harmed by its passage. To the contrary, MBUSA can easily preserve its position by doing exactly what it said it would in Ms. Wilder's

August 17, 2023, letter. MBUSA can either approve or reject the sale, or attempt to exercise its right of first refusal, on or by October 9, 2023. Or MBUSA can abstain from making any such decision by that date altogether and stake its position on the outcome of the litigation before the Board. However, no immediate or irreparable harm will befall MBUSA if October 9, 2023, comes and goes, or if it has to take a position on the sale one way or another. Put differently, MBUSA is seeking judicial intervention with respect to a legislative enactment simply because MBUSA wants to avoid having to take a position by a certain date, and *not* because MBUSA will actually suffer any harm or prejudice as a result of the October 9, 2023, date passing. That kind of judicial supervision of MBUSA's statutory obligations is not appropriate.

7. To the contrary, the injunctive relief being sought by MBUSA threatens to deprive JP Motors of its statutory right to know MBUSA's position on a proposed sale within 60-days of a completed application. 815 ILCS 710/4(e)(6)(a), 4(e)(11). In fact, if MBUSA has a position on whether it would approve or reject JP Motors' proposed sale for reasons *other than those at issue in this litigation*, those matters should be presented to JP Motors now, as required by Section 4 of the IMVFA, and not forestalled through injunctive relief. There is no reason to give MBUSA a free pass on having to do what the statute requires by October 9, 2023, while litigation is pending. To the contrary, it would seem to benefit the parties, and the court and Board, if MBUSA's stance on the sale is disclosed now, and not later.

8. Finally, in the same sense, the injunctive relief that MBUSA is seeking would alter the status quo, which is that MBUSA has until October 9, 2023, to make a decision on JP Motors' application for the sale. *Channell v. Chi. Bd. of Educ.*, No. 21-cv-4812, 2021 U.S. Dist. LEXIS 212480, at *17 (N.D. Ill. Nov. 3, 2021) (declining to enter injunction that would alter the status quo, not maintain it). Here, MBUSA is not seeking to enjoin other parties from taking some action

that would harm MBUSA if relief is not entered. Instead, MBUSA is essentially asking for an interim declaration that MBUSA does not have to do something that, right now, it has to do by a certain date. Moreover, it would alter the rights that JP Motors and its purchaser have under the IMVFA that entitle them to know what MBUSA thinks about the proposed sale. Altering the current rights of the parties through injunctive relief is not appropriate, particularly where there is no apparent prejudice or harm to MBUSA in having to take a position on the sale.

9. Again, JP Motors is respectful of the fact that Judge Rowland is not available to address this issue; but that risk lies with MBUSA who was not diligent in pursuing the relief it is now seeking. It is not a reason to enter an otherwise improper injunction and declaration, one that affects JP Motor's statutory rights, even for a short period of time. Accordingly, MBUSA's Motion should be denied.

Dated: October 4, 2023

Respectfully submitted,

JP MOTORS, INC.

By: /s/ Ira M. Levin
    One of Its Attorneys

Mark M. Lyman
Steve M. Varhola
Lyman Law Firm, LLC
227 West Monroe Street, Suite 2650
Chicago, IL 60606
mark@lymanlawus.com
steve@lymanlawus.com

*and*

Ira M. Levin
Eric P. VanderPloeg
Chase E. Bullock
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611

Tel.: (312) 840-7000
Fax: (312) 840-7900
ilevin@burkelaw.com
evanderploeg@burkelaw.com
cbullock@burkelaw.com

4866-3447-6420