**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MERCEDES-BENZ USA, LLC, | |
| Plaintiff, | Case No. 1:23-cv-02281 |
| v. | Honorable Mary M. Rowland |
| JP MOTORS, INC., | Magistrate Judge M. David Weisman |
| Defendant. | |

**JP MOTORS' SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS OR STAY**

Mark M. Lyman
Steve M. Varhola
Lyman Law Firm, LLC
227 West Monroe Street, Suite 2650
Chicago, IL 60606
mark@lymanlawus.com
steve@lymanlawus.com

*and*

Ira M. Levin
Eric P. VanderPloeg
Chase E. Bullock
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Tel.: (312) 840-7000
Fax: (312) 840-7900
ilevin@burkelaw.com
evanderploeg@burkelaw.com
cbullock@burkelaw.com

*Attorneys for JP Motors, Inc.*

In *Nissan North America, Inc. v. Jim M'Lady Oldsmobile*, the District Court (Gottschall, J.) abstained from declaratory claims brought by a manufacturer against a dealer that involved questions of first impression that were also part of a protest pending before the Illinois Motor Vehicle Review Board ("***Board***"). No. 07 C 6304, 2008 U.S. Dist. LEXIS 84700, at *8 (N.D. Ill. Aug. 29, 2008). Focusing on the fact that no state court or agency had yet to weigh-in on the statutory question before the federal court, it abstained under the first *Burford* prong to allow the state agency to address the issue in the first instance.[1] *Id.* As the Court held, "[o]nce the Board rules, it will have necessarily resolved the issues that [the manufacturer] seeks to have this court determine and the declaratory judgment claims will be moot." *Id.* at *21-22.

On January 16, 2024, fewer than 90-days from now, the Board will hold a hearing to decide whether MBUSA[2] can exercise a ROFR over less than all of JP Motors' dealership assets in light of Sections 4(e)(14) and Section 7 of the Illinois Motor Vehicle Franchise Act ("***Act***"), 815 ILCS §§ 710/4, 7. [Doc. 42 at 1-2, Ex. 2, thereto.] MBUSA admits in its Supplemental Memoranda that its claims in this case raise "statutory questions" about whether the Act prohibits MBUSA from exercising its ROFR, which is the very issue that will be addressed by the Board. [Doc. 55 at 2.] As was the case in *M'Lady*, these "statutory questions" under the Act are questions of first impression in this State, supporting the conclusion that abstention in favor of the state agency that was specially formed to regulate manufacturer-dealer issues is warranted. *M'Lady*, No. 07 C 6304, 2008 U.S. Dist. LEXIS 84700, at *16–18.

---

[1] Under *Burford*, "(1) federal courts should abstain from deciding 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar,'" or "(2) federal courts 'should also abstain from the exercise of federal review that 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *M'Lady*, 2008 U.S. Dist. LEXIS 84700, at *8. The *M'Lady* court considered both prongs in its decision, and while the Court stated that the "facts seem to support abstention" under the second prong of *Burford*, the Court ultimately resolved the case primarily under the first prong. *Id.*, *12, 17–18. Here, similarly, the Court could abstain under either prong.

[2] Defined terms are the same as in JP Motors' Motion to Dismiss or Stay. [Doc. 17-18.]

1

I.  **The Board Has Jurisdiction to Decide The Statutory Questions of First Impression At Issue In this Case, Which Will Moot the Declaratory Relief Sought by MBUSA.**

In its supplemental brief, MBUSA argues that "the claims in this case have not been entrusted to the Board." [Doc. 55 at 2.] To the contrary, the Board is the Illinois state "agency that is in charge of administering the provisions of the Act." *Nissan North America, Inc. v. Motor Vehicle Review Board*, 2014 IL App (1st) 123795, ¶ 16. The Illinois General Assembly has expressly given the Board authority to hear these types of disputes through Section 18 of the Act, which authorizes the Board to hear protests filed by motor vehicle franchisees under Sections 4, 5, 6, 7, 9, 10.1, 11, and 12 of the Act. 815 ILCS 710/18(a); *see also* 815 ILCS 710/12, 29. Further, the Board already denied MBUSA's motion to dismiss the protest for lack of jurisdiction, and the hearing will now move forward, even if MBUSA does not think it should. [Doc. 42 at 1-2, Ex. 2, thereto; *see also* Order (MVRB 339-23, Oct. 11, 2023) (denying MBUSA motion to dismiss), **Exhibit 1**, hereto.] Thus, there can be no serious contention that the Board lacks jurisdiction to address the statutory questions raised by JP Motors' protest.

MBUSA also argues that the statutory questions raised in this case "are not about how the Act should be applied in a particular factual context," but that is not so. [Doc. 55 at 2.] This dispute involves a dealership in Peru, Illinois that operates as a single business, from a single building, that sells and services motor vehicle products sold by MBUSA, Chevrolet, and Nissan. Many of JP Motors' employees are shared between its three franchised brands. MBUSA approved the dealership to operate in such a fashion with full knowledge that its products were being sold and serviced at the same facility, as part of the same business, alongside other motor vehicle makes.

Further, MBUSA has acknowledged that it does not intend to have a new Mercedes-Benz dealership in Peru, Illinois, but rather, to close that dealership point, putting employees out of work, depriving consumers of a nearby dealership for service, and devaluing JP Motors' business.

MBUSA knows that its actions are likely to "blow up" the sale that JP Motors is attempting to complete. The application of this set of facts to the "statutory questions" raised by Section 4(e)(14) and Section 7 is precisely the type of industry-specific, franchise issue that the Act regulates (*see* 815 ILCS 710/1.1), over which the Board has expertise. *M'Lady*, 2008 U.S. Dist. LEXIS 84700, at *14. Hence, abstention in favor of the Board proceedings is particularly appropriate here.

The fact that this Court may also have jurisdiction to hear such issues does not alter the abstention analysis. In fact, that is always the case with respect to abstention, because there would be no need to "abstain" if the court simply lacked subject matter jurisdiction entirely. *See id.* at *6 (recognizing jurisdiction but abstaining from the declaratory relief sought). Similarly, in *Lou Bachrodt Chevrolet Co. v. GM LLC*, No. 12 C 7998, 2013 U.S. Dist. LEXIS 98870, at *21 (N.D. Ill. July 15, 2013), the district court concluded that it had subject matter jurisdiction over a dispute between General Motors and one of its dealers, but nevertheless, remanded the case to the Board because "the state's interests in regulating the relationships of automobile manufacturers and dealers" outweighed the federal interests in removal jurisdiction. *Id.* at *17. Thus, the fact that this Court could also address the statutory questions raised by MBUSA does not mean that it should not abstain.

**II.     The Claims Before the Board Address the Same Issues Before the Court.**

The issues before the Board are the same as those in this case. <u>*First*</u>, there can be no dispute that the "statutory questions" identified on page 2 of MBUSA's supplemental brief are also before the Board. Specifically, the Board will decide and rule on whether MBUSA's refusal to move forward with the sale, and its insistence on an apportionment so that it can "exercise" its ROFR, is lawful under the Act, rendering any declaration on that issue moot. Further, the Board's ruling is no perfunctory statement of whether MBUSA has violated the Act. Instead, by law, the Board's

ruling will "contain a statement of the reasons for the decision and each issue of fact or law necessary to the proposed decision." 815 ILCS 710/29. Thus, the Board will necessarily need to address how the Act applies to these set of facts and issue a detailed order with the legal basis for its reasoning. As the court concluded in *M'Lady*, such a ruling will render the declaratory claims sought in this case "moot." *M'Lady*, 2008 U.S. Dist. LEXIS 84700, at *21–22.

*Second*, even assuming, *arguendo*, that the Board would not address whether MBUSA's *contract* entitles it to an apportionment, that issue will also be affected by the Board's ruling on the Act. MBUSA has no contractual ROFR—and hence no apportionment right—if it cannot be exercised in accordance with Section 4(e)(14) and Section 7 of the Act. Unlike automotive franchise acts in some states, the Act does not *give* the manufacturer a ROFR; it *restricts* such a right unless it can be exercised in accordance with the conditions outlined in Section 4(e)(14). These conditions include the manufacturer paying the same or greater consideration for all or substantially all of the *dealership assets*, including any related property. 815 ILCS 710/4(e)(14)(B). Nothing in Section 4(e)(14) discusses "apportionments" or says that a manufacturer can only exercise a ROFR over its own brand or franchise, excluding other makes. Moreover, Section 7 prohibits unreasonable restrictions relative to "rights of first refusal." These provisions of the Act apply to all contracts between a dealer and an automotive OEM. 815 ILCS 710/8. Thus, how the Board rules on the application of the Act will directly bear on not only the statutory issues, but also the contractual rights that MBUSA is advancing before this Court.

### III. MBUSA's "Precedent" Is Inapposite.

MBUSA argues that federal courts in other motor vehicle franchise cases have not abstained. [Doc. 55 at 5 - 6.] First, it is not apparent that *any* of the motor vehicle cases cited by MBUSA involved a motion to abstain. It would be unusual to reach that issue when no party asked.

4

Second, in all but one opinion advanced by MBUSA, there was no parallel administrative matter to provide a basis for abstention. Again, the mere fact that the federal court *may* have jurisdiction does not defeat *Burford* or *Colorado River* abstention.

The preliminary orders in *Audi of America v. Bronsberg & Hughes*, which MBUSA attaches to its supplemental brief, are readily distinguishable. First, those orders (which were eventually vacated)[3] <u>*did not*</u> address abstention, much less do so under the Illinois Act. Second, as is made clear from the *Audi* court's opinion, that case involved an artifice to defeat Audi's ROFR that was created *after* the dispute over the asset purchase agreement arose, and *after* the parties made contrary stipulations to the court. The orders do not discuss whether or how Pennsylvania's franchise act might limit Audi's ROFR, much less whether that issue would be better addressed in the first instance by the state agency. Again, the mere fact that other federal courts heard ROFR cases between a manufacturer and a dealer does not mean that abstention is not warranted here.

**IV.     A Dismissal or Stay Is Appropriate.**

The issues before the Board are coterminous with any dispute advanced before this Court by MBUSA because any Board ruling will moot the declaratory issues raised here. Thus, as the Court recognized in *M'Lady*, dismissal is appropriate. However, should the court decline to dismiss at this stage, it may alternatively stay the proceedings under the doctrine of abstention. *E.g.*, *Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691, 695 (7th Cir. 1985) (staying is appropriate where parallel action includes "substantial likelihood" to dispose of federal claims); *Nissan North America, Inc. v. Andrew Chevrolet, Inc.*, 589 F. Supp. 2d 1036, 1042 (E.D. Wis. 2008) (granting dealer's motion to abstain and staying manufacturer's breach of contract and declaratory judgment action pending outcome of state board proceeding); *Rosser v. Chrysler*

---

[3] The court's August 17, 2017, order staying the board action was vacated on September 14, 2017.

*Corp.*, 864 F.2d 1299, 1309 (7th Cir. 1988) (staying federal action until state court action resolved, as "any remaining issues . . . can be litigated at that time[.]").

Dated: October 23, 2023            Respectfully submitted,

**JP MOTORS, INC.**

By: */s/    Eric. P. VanderPloeg*
      One of Its Attorneys

Mark M. Lyman
Steve M. Varhola
Lyman Law Firm, LLC
227 West Monroe Street, Suite 2650
Chicago, IL 60606
mark@lymanlawus.com
steve@lymanlawus.com

*and*

Ira M. Levin
Eric P. VanderPloeg
Chase E. Bullock
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Tel.: (312) 840-7000
Fax: (312) 840-7900
ilevin@burkelaw.com
evanderploeg@burkelaw.com
cbullock@burkelaw.com

**CERTIFICATE OF SERVICE**

      I, Eric P. VanderPloeg, an attorney of record, certify that on **October 23, 2023,** I caused the foregoing **JP MOTORS' SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR STAY** to be submitted to be filed with the Clerk of the Court using the Courts CM/ECF filing system, and that each of the below attorneys of record are listed as E-Filers on the docket for this cause, in accordance with LR 5.5(a):

Randall L. Oyler (#6209675)
Charles E. Harper (#6269908)
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654-3406
randall.oyler@quarles.com
charles.harper@quarles.com

George W. Mykulak
Nolan J. Mitchell
Quarles & Brady LLP
1701 Pennsylvania Avenue NW, Suite 700
Washington, DC 20006
george.mykulak@quarles.com
nolan.mitchell@quarles.com

                                                        /s/ Eric P. VanderPloeg

4868-3720-8457