IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mercedes-Benz USA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-cv-02281 |
| JP Motors, Inc., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF MERCEDES-BENZ USA, LLC'S
MOTION TO CONTINUE STAY PENDING APPEAL**

Plaintiff Mercedes-Benz USA, LLC ("MBUSA") submits this brief in support of its motion pursuant to Federal Rule of Civil Procedure 62(d) to extend certain aspects of the stay set forth in this Court's November 28, 2024 order ("Order"). (*See* ECF No. 62.) In its Order, this Court: (i) granted defendant JP Motors, Inc.'s ("JPM") motion to dismiss this action and abstain in favor of a proceeding pending before the Illinois Motor Vehicle Review Board (the "Board"), but (ii) stayed through January 12, 2024 the effective date of the Order and the contractual and statutory deadlines for MBUSA to approve, disapprove, or exercise its rights of first refusal over the proposed sale by JPM of its Mercedes-Benz assets to Laspo Motors, LLC ("Laspo"). MBUSA now seeks an extension of the stay of those deadlines.

MBUSA seeks relief in two stages. *First*, MBUSA asks this Court to initially extend the stay through <u>February 9, 2024</u>. Until last week, MBUSA and JPM had been discussing a possible agreed-upon extension of the stay, but it became clear last week that the parties would be unable reach agreement. In addition, depositions of JPM and Lapso corporate designees relevant to this Motion took place on Friday. Given the timing of these events and this Motion, an initial interim extension

of the stay would give the parties time to brief and the Court time to consider this Motion fully.[1] Such an extension will preserve MBUSA's rights. It also will not prejudice JPM or any other interested party, as the hearing before the Board scheduled to take place on January 16, 2024 has been taken off the calendar, no closing of the underlying transaction is scheduled or imminent, and the posture of this matter is essentially the same as when the Court issued its Order.[2] *Second*, MBUSA asks this Court, upon completion of briefing, to extend the stay for the duration of MBUSA's pending appeal.

An extension of the stay of MBUSA's deadline for responding to the proposed sale is critically important. MBUSA's appeal raises serious and difficult questions of law in an area where the law is unclear. The requested extension will prevent MBUSA from losing its contractual and statutory rights with respect to the proposed sale while its appeal is pending, and preserve for MBUSA the opportunity to obtain effective relief on appeal. If this Court does not extend the stay, MBUSA's rights over the proposed sale of JPM's Mercedes-Benz assets may expire while the appeal is pending, which could make MBUSA's appeal moot. Neither JPM nor any other interested party will be harmed by an extension of the stay, given that no closing of the proposed sale is imminent. Any interests of JPM in the transaction under review could be fully secured through terms that would allow it to move this Court to lift the stay were the Board were to issue a final decision before MBUSA's appeal is complete. Finally, an extension of the stay would further the public interest. Practical considerations and the balance of equities tip decisively in favor of extending the stay to preserve the status quo and avoid irreparable harm to MBUSA, particularly as recent developments call into doubt JPM's representation – on which this Court relied in issuing its Order – that the Board will necessarily resolve the issues raised in this first-filed federal action.

---

[1] MBUSA proposes: (i) JPM response brief due January 19, 2024, and (ii) MBUSA reply brief due January 26, 2004. MBUSA is amenable to a lengthier (or shorter) schedule at the desire of either the Court or JPM.

[2] If the Court does not grant this relief, MBUSA requests that the Court issue a temporary stay sufficient to permit MBUSA to seek relief in the Seventh Circuit under Federal Rule of Appellate Procedure 8.

2

**BACKGROUND**

A. **The Court's Abstention Decision.**

On November 28, 2023, the Court issued its Order abstaining in favor of the Board proceedings. (ECF No. 62.) The Court's decision was based, in part, on the conclusion that the Board "will necessarily consider the issues that MBUSA seeks to resolve: whether MBUSA is entitled to an apportionment." (*Id*. at pp. 8-9.) This was predicated on the Court's finding that the Board's Hearing Officer had already "denied MBUSA's motion to dismiss for lack of jurisdiction," and would issue a written statement of reasons that would "resolve the issue of whether MBUSA violated the Act by refusing to process the buyer's application before it received an apportionment of the purchase price." (*Id*.) The Court stayed its Order and the deadlines for MBUSA to exercise its rights over the proposed sale through January 12, 2024, a few days before a hearing before the Officer was scheduled to occur. (*Id*.) On December 27, 2023, MBUSA filed a timely appeal of the Order. (ECF No. 63.)[3]

B. **Relevant Proceedings before the Board.**

In September 2023, to accommodate JPM's request for a speedy resolution of the Board proceeding, the Hearing Officer ordered the parties to respond to written discovery and produce documents in November and take depositions in December, and scheduled a hearing on the merits for January 16, 2024. (ECF No. 42-2 (Scheduling Order).) In November, however, JPM failed to respond to MBUSA's written discovery requests or produce documents when due. (*See* Decl. ¶¶ 4-5 & Exs. B & C; *see also* Ex A.) When JPM finally produced documents beginning in late November 2023, moreover, its production was deficient and did not include obviously relevant discovery. (*See* Decl. ¶ 6 & Ex. D.) As a result, the Hearing Officer cancelled the January 16, 2024 hearing date, directed the parties to meet and confer about a schedule for the hearing and completion of discovery, and reserved the right to impose a sanction on JPM for its discovery violations. (*See id.*)

---

[3] MBUSA assumes the Court's familiarity with the background to the parties' dispute, which has been extensively briefed and is summarized in the Court's Order.

3

The Hearing Officer subsequently held a conference with the parties in early December. Recognizing that the issues to be decided in the Board decision are primary jurisdictional and legal in nature, the Hearing Officer and the parties discussed and ultimately agreed that the parties would complete discovery by early January, including corporate designee depositions, and then submit the case on the papers. (Decl. ¶ 7.) The parties contemplated submitting initial briefs in late January 2024. (Decl. ¶ 8 & Ex. E.) The matter began to proceed according to plan. MBUSA presented its corporate designee for deposition on December 18, 2023. (Decl. ¶ 9.) However, on the Friday evening before the New Years' holiday weekend, JPM filed a motion to amend its protest, proposing a new case theory that JPM has no written dealer agreement and MBUSA therefore has no right of first refusal. (Decl. ¶ 8 & Ex. E.)[4]

The case schedule before the Board therefore is now uncertain. The parties need to brief JPM's motion to amend the protest. (*See* Decl. ¶ 10.) In addition, discovery still remains incomplete. (*Id.*) MBUSA took the depositions of JPM and Laspo's corporate designees on January 5, 2023. (*See* Decl. ¶¶ 11-12.) During those depositions, the deponents admitted that not only had JPM and Laspo still not produced many of the key documents requested by MBUSA, but they had not even been asked to look for and provide them. (*See, e.g.*, Decl. ¶¶ 11-12 & Exs. G at Tr. 11:2-13:17; and H at Tr. 141:13-143:18; 149:15-150:24; 152:14-154:11; 159:22-161:3.) MBUSA intends to file a motion to compel. Based on these developments, there is no chance that the Board will issue a decision any time prior to May 2024. (*See* ECF Nos. 40 ¶ 14 & 40-11.)

---

[4] The proposed amendment claims that JPM's written dealer agreements supposedly had a one-year term that expired in 2013 and that JPM has operated since that time according to a "course of dealing" that allegedly contains no right of first refusal. (*See* Decl. 10 ¶.) This theory was eviscerated by the admissions of JPM's corporate designee during his deposition, who admitted that the parties' relationship has at all times been governed by written dealer agreements. (Decl. ¶ 11 & Ex. G at Tr. 31:13-33:7; 37:6-39:11; 53:3-55:12.)

**ARGUMENT**

Where a District Court issues a final decision that dissolves or denies an injunction, as this Court did here, Rule 62(d) authorizes the District Court to modify, restore, or grant an injunction pending appeal in order to preserve the appellant's rights. Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."). A stay under Rule 62(d) serves to "preserve the status quo during the pendency of an appeal," *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001), and avoid the loss of a party's appellate rights due to the passage of time. *See, e.g.*, *Duncan v. Farm Credit Bank of St. Louis*, 940 F.2d 1099, 1103 (7th Cir. 1991) ("'[A] party who chooses to appeal but who fails to obtain a stay or injunction pending appeal, risks losing its ability to realize the benefits of the successful appeal.'").[5]

The Court considers four factors in determining whether to grant a motion for a stay under Rule 62(d):

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting "the substantial overlap between these and the factors governing preliminary injunction" and that "[t]he first two factors are the most important."). *Id.* The decision to grant a stay pending appeal is committed to the District Court's discretion and judgment, and must be guided by the application of "sound legal principles" and consideration of the "particular circumstances" of each case. *Id.* Ultimately, where the balance of equities favors a stay, the Court should grant relief under Rule 62. *See* 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed.). Applying this

---

[5] The filing of a notice of the appeal does not divest a District Court of jurisdiction over a Rule 62 motion. Rather, such a motion must be brought in the first instance in the District Court, and, if relief is denied, the motion then may be presented to the Court of Appeals. *See* Fed. R. App. P. 8.

standard, this Court should extend the stay of MBUSA's contractual and statutory deadlines as set forth in this Motion.

### A. MBUSA's Appeal Raises Serious and Difficult Questions of Law in an Area Where the Law Is Unclear.

The first prong of the *Nken* test is satisfied here. "When the request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal." *Sec. & Exch. Comm'n v. Lemelson*, 619 F. Supp. 3d 246, 248 (D. Mass. 2022) (citing *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 150 (D. Mass. 1998)). Rather, "with regard to the first prong, the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Id*. MBUSA meets this standard. This Court itself has noted the difficulty of the application of the *Burford* abstention doctrine to the questions presented, and issued its Order understanding the MBUSA likely would appeal the decision. Moreover, the discovery that has taken place in the Board proceeding has thrown into doubt the proposition on which this Court relied in granting JPM's motion to dismiss: that the Board's decision "will necessarily consider the issues that MBUSA seeks to resolve: whether MBUSA is entitled to an apportionment." (*Id*. at pp. 8-9.)

In its prior briefing relating to abstention, MBUSA urged this Court not to abstain because it was not clear that the Board would reach and decide the substantive matters at issue in this federal proceeding. (*See, e.g.*, ECF Nos. 38 at pp. 11-15; 55 at pp. 3-5.) MBUSA noted that it had moved to dismiss the protest on jurisdictional grounds. (ECF No. 55 at p. 4 n.5.) Among other things, MBUSA contended that JPM's protest was subject to dismissal because JPM had not alleged any action by MBUSA taken *before the filing of the protest* that could have violated the Illinois Motor Vehicle Franchise Practices Act, 735 ILCS 810/1 *et seq*. MBUSA contended that when JPM's protest was filed: (i) the time for MBUSA to respond to the proposed sale had not yet commenced because Laspo had not yet submitted to MBUSA all information and documents (separate and apart from the apportionment)

6


requested by MBUSA to review the proposed sale, and (ii) MBUSA had not taken any position on whether it would refuse to approve the proposed sale due to JPM's refusal to provide the apportionment. (*See, e.g.*, ECF No. 38 at p. 5-6 & n.3.) Indeed, the whole premise of MBUSA's filing of this federal action was to obtain guidance from this Court before taking any position. (*See* ECF No. 27 at p. 15.)

JPM urged this Court to disregard MBUSA's argument. (*See, e.g.*, ECF No. 30, at p. 3, 6-9.) It argued that MBUSA had previously moved for the Board action to be dismissed on jurisdictional grounds and the Hearing Officer had denied this motion. (ECF No. 57 at pp. 2-4.) JPM further asserted that although the Hearing Officer had issued his ruling "without prejudice," the matter was effectively settled, as Laspo had submitted the necessary documents to have required MBUSA to respond to the proposed sale. (*Id.*) JPM therefore told this Court that the Board would reach the questions at issue in this federal proceeding. (*Id.* at 3-4.)

Discovery in the Board proceeding, however, has undermined JPM's representations to this Court. During the Laspo corporate designee deposition, for example, Laspo's majority owner conceded that MBUSA's requests for documents and information relating to the proposed sale (other than for the apportionment) were not "unlawful" and that Laspo had not provided numerous documents in response to MBUSA's requests when JPM filed its protest. (*See, e.g.*, Decl. ¶ 11 & Ex. H at Tr. 52:1-52:19; 78:18-22; 83:14-16; 88:14-19.) Indeed, despite JPM filing its protest on April 14, 2023, Laspo's majority owner admitted that Laspo did not complete its submission of all requested documents and information to MBUSA *until August 9, 2023*. (*See, e.g.,* id. at Tr. 90:5-10.) The Board record establishes, therefore, that JPM filed its protest before MBUSA had any contractual obligation under the Mercedes-Benz Dealer Agreements or statutory duty under § 4(e) of the Act to begin its

evaluation of the proposed sale. As a result, MBUSA has a more than viable argument that the Board proceedings should be dismissed for lack of jurisdiction.[6]

Accordingly, the Board may never reach or decide the claims in this federal action. If that were to occur, and if this Court were not to have extended the stay of MBUSA's contractual and statutory deadlines to respond to the proposed sale, JPM could contend that MBUSA has approved the sale due to the expiration of the deadlines, without any tribunal ever having addressed the merits of the claims raised by MBUSA several months ago. This Court should not allow for the possibility of such a result. The Seventh Circuit has recognized that an "essential element" of *Burford* abstention is that "the state must offer some forum *in which claims may be litigated*." *Prop. & Cas. Ins. Ltd. v. Cent. Nat. Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991) (emphasis added). This Court should extend the stay to ensure consistency with Seventh Circuit precedent and that some tribunal will be available to consider MBUSA's arguments.

### B. MBUSA Will Be Irreparably Harmed Absent an Extension of the Stay.

The second prong of the *Nken* test is satisfied here as well. If the existing stay of MBUSA's contractual or statutory deadlines is not continued beyond January 12, 2024, then by the time any tribunal issues its decision, the deadline for MBUSA to have responded to the proposed sale *if it is not entitled to an apportionment* will have passed. As a result, if the *status quo* is not preserved through an extension of the stay, MBUSA will be forced to make a decision on the proposed sale on or before the expiration of the current stay without an apportionment and without any guidance from this Court

---

[6] That the Hearing Officer denied MBUSA's prior motion to dismiss far from settles the jurisdictional question. The Hearing Officer issued his decision "without prejudice" and with the understanding that MBUSA would continue to pursue the argument at hearing. Moreover, the decision can be explained by practical considerations. In order to grant a motion to dismiss under the Board's governing rules, the Hearing Officer is required to issue a preliminary decision, provide the parties with an opportunity to present objections, and present the decision to the Board at a scheduled meeting. (*See* Ill. Admin. Code tit. 92, § 1001.760(a)(2)-(4).) The Hearing Officer's decision to defer adjudication of MBUSA's jurisdictional motion to the substantive hearing can be seen as consistent with judicial economy. Moreover, during the conference among the Hearing Officer and the parties in early December 2023, the Hearing Officer acknowledged that the Board's jurisdiction will be one of the issues that is addressed at the time of the hearing on the merits. (Decl. ¶ 7.)

8

or the Board. MBUSA will be required to do one of the following: (i) approve the proposed sale to avoid risk of liability (thereby foregoing what it views to be its contractual and statutorily-protected right to obtain an apportionment), (ii) stand on its good faith interpretation of the Act and turn down the proposed sale (thereby subjecting itself to new claims before the Board), or (iii) do nothing (opening itself up to the argument that it has approved the sale by operation of law – and lost both its right of disapproval and it right of first refusal – if it is later determined that it is not entitled to an apportionment). In any of these scenarios, the Seventh Circuit's ability to provide effective relief would have been mooted. *See, e.g.*, *Fink v. Continental Foundry & Machine Co.*, 240 F.2d 369, 374 (7th Cir. 1957) (plaintiff's failure to seek stay to prevent asset sale pending appeal rendered case moot).

MBUSA cannot protect its rights by asking the Board to stay its contractual and statutory deadlines. The Board is a creature of statute, and "powerless to act unless statutory authority exists." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530, 759 N.E.2d 509, 519 (2001). As the Hearing Officer has acknowledged, the Board has no statutory authority to stay MBUSA's contractual deadlines, issue preliminary injunctive relief, 815 Ill. Comp. Stat. Ann. 710/18; *see also id.* § 710/28, or a declaratory judgment ruling, *see, e.g.*, *Harrisonville Tel. Co. v. Illinois Com. Comm'n*, 176 Ill. App. 3d 389, 393 (1988); *Mt. Vernon Educ. Ass'n, IEA-NEA v. Illinois Educ. Lab. Rels. Bd.*, 278 Ill. App. 3d 814, 822 (1996). Without a continuation of the stay order presently in effect beyond January 12, 2024, therefore, MBUSA will be left without any effective legal remedy to protect its contractual and statutorily-protected rights of disapproval and right of first refusal.

This Court should not allow such irreparable harm to MBUSA to occur. Indeed, were the Court not to extend the stay, and were the Board to dismiss the protest (whether for lack of jurisdiction or because JPM's claims have been mooted by subsequent MBUSA actions), then JPM will have frustrated MBUSA's ability to evaluate and exercise its contractual and statutorily-protected rights by bringing a premature protest and preventing MBUSA from obtaining relief based on inaccurate predictions of future Board activity.

9

**C.      Neither JPM Nor Any Other Interested Party Will Be Substantially Injured by an Extension of the Stay.**

The third prong of the *Nken* test also is satisfied. An extension of the stay will preserve the *status quo* and cause no harm or prejudice to JPM or Laspo, who cannot close on the proposed transfer until JPM obtains, among other things, a final decision on the protest.[7] Any interests of JPM (or any other interested party) could be secured through terms that would allow it to move this Court to lift the stay were the Board were to issue a final decision before MBUSA's appeal is complete. There is no reason to allow the stay to expire and risk irreparable harm to MBUSA that could be avoided entirely, at no cost to JPM or Laspo, by an order preserving the *status quo*.

**D.      An Extension of the Stay Will Further the Public Interest.**

Finally, the fourth prong of the *Nken* test is satisfied here. An extension of the stay of MBUSA's contractual and statutory deadlines will further the public interest. The public interest is served by extending a stay that preserves a party's contractual and statutory rights, as well as its appellate rights, when there is no harm to any other interested party. *See, e.g., Objectwave Corp. v. Authentix Network, Inc.*, 2001 WL 204768, at *5 (N.D. Ill. Mar. 1, 2001) ("The public interest is served when disputes are resolved through … adjudication on the merits."). Moreover, the public interest is served by preventing a party from running out a "clock" based on contentions that ultimately may be found to be meritless. *See, e.g., Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) (noting potential for forum shopping where abstention principles are invoked); *see also Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Lewis*, 2012 WL 3134313, at *5 (N.D. Ill. Aug. 1, 2012) ("forum shopping . . . is against the public's interest").

---

[7] Moreover, discovery has also called into doubt JPM's representation that it has received approval from General Motors and Nissan to close the proposed sale. (Decl. ¶ 12 & Ex. H at Tr. 115:23-120:14.) For instance, the only written evidence of General Motor's "conditional approval" of the transaction produced in the case is not countersigned and has expired by its terms. (*Id.*) Moreover, as late as October 2023, General Motors was continuing to request from Laspo documentation of its wholesale finance commitment, which General Motors requires before it will allow JPM and Laspo to set a closing date. (*See, e.g., id.* at Tr. 137:2-14; 140:12-141:12.)

**CONCLUSION**

Put simply, the balance of the equities and practical considerations tip decisively in favor of an order that continues the stay of contractual and statutory deadlines beyond January 12, 2024. Under well-established law, the Court should grant this motion and preserve the *status quo*. Should the Court determine not to grant the relief requested in this Motion, MBUSA asks this Court for a temporary extension of the stay to allow it to petition the Seventh Circuit for relief under Fed. R. App. Proc. 8.

Dated: January 8, 2024.

MERCEDES-BENZ USA, LLC

By: */s/ Nolan J. Mitchell*
One of Its Attorneys

Randall L. Oyler (ARDC #6209675)
Charles E. Harper (ARDC #6269908)
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 | (312) 715-5155 (fax)
randall.oyler@quarles.com
charles.harper@quarles.com

George W. Mykulak (admitted *pro hac vice*)
Nolan J. Mitchell (admitted *pro hac vice*)
Quarles & Brady LLP
1701 Pennsylvania Avenue NW, Suite 700
Washington, DC 20006
(202) 372-9600 | (202) 372-9599 (fax)
george.mykulak@quarles.com
nolan.mitchell@quarles.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the attached notice was served on all counsel of record on this 8th day of January, 2024 via the Court's ECF system.

<div style="text-align:right">

*/s/ Nolan J. Mitchell*
Nolan J. Mitchell

</div>