UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCEDES-BENZ USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JP MOTORS, INC.,<br><br>Defendant. | Case No. 23-cv-2281<br><br>Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Mercedes-Benz USA, LLC's ("MBUSA's") motion to continue stay pending appeal [68]. For the reasons stated below, MBUSA's motion is denied in part and granted in part.

### I. Factual Background

MBUSA distributes new passenger cars and sport utility vehicles to its network of Mercedes-Benz dealers. [27] ("Compl.") ¶¶ 6–7. Defendant JP Motors, Inc. ("JP Motors") is an authorized Mercedes-Benz dealer pursuant to agreements ("Dealer Agreements") with MBUSA. *Id*. ¶ 9. JP Motors operates a Mercedes-Benz dealership, as well as Nissan and Chevrolet dealerships, at the same property in Peru, Illinois. *Id*. ¶¶ 8, 10. In February 2023, JP Motors entered into an agreement with Lapso Motors to sell and transfer its Mercedes-Benz, Chevrolet, and Nissan dealerships. *Id*. ¶ 19. JP Motors gave notice of the proposed package sale to MBUSA. *Id*. ¶ 23. Within 60 days of receiving all the reasonable and customary information to evaluate a sale, MBUSA is obligated to inform JP Motors whether (1) it approves or disapproves the sale and (2) whether it will exercise its right of first refusal ("ROFR"). *Id*. ¶¶ 16–17.

The heart of the dispute is whether JP Motors must provide an apportionment or break out of the sale price attributable to JP Motors's Mercedes-Benz, Chevrolet, and Nissan dealerships. *Id*. ¶ 22. MBUSA contends that JP Motors's submission of the proposed package sale—without an apportionment of the Mercedes-Benz assets—does not preserve MBUSA's ROFR under the Dealer Agreements. *Id*. ¶ 22. JP Motors argues that the Illinois Motor Vehicle Franchise Act (the "Act"), 815 ILL. COMP. STAT. 710 §§ 1–32, which regulates contractual relationships between distributors and

1

dealers, prohibits MBUSA from exercising its ROFR over anything less than the package transaction. [57] at 1.

MBUSA brought this breach of contract action seeking declarations that (1) MBUSA has the right to an apportionment as to the Mercedes-Benz assets; (2) this right is protected by the Act; (3) the time period for MBUSA to respond to the sale does not begin until JP Motors provides the apportionment; and (4) JP Motors cannot transfer the Mercedes-Benz assets unless it first provides the apportionment. Compl. ¶ 45.

MBUSA also sought a preliminary injunction that (1) declares the deadline for MBUSA to approve or disapprove the proposed sale or exercise its ROFR has not commenced; (2) enjoins JP Motors from closing the sale or transferring the Mercedes-Benz assets; and (3) enjoins JP Motors from taking other action that would interfere with MBUSA's ROFR. [28] at 2.

## II.   Procedural Background

On April 20, 2023, the Court heard arguments on MBUSA's motion for a preliminary injunction. [8]; [19]; [28]. At that time, JP Motors had not submitted the buyer's application package to MBUSA. [20] at 8:12–19. The parties agreed that MBUSA had 60 days to review the proposed transaction after the application was completed, but disagreed whether the application must include an apportionment of MBUSA's assets for MBUSA to exercise its ROFR and approve or disapprove the sale. *Id.* at 9:10–16, 16:4–10.

JP Motors relied on the abstention doctrine set forth in *Buford v. Sun Oil Co.*, 319 U.S. 315, 332–33, (1943), to argue that this Court should deny the request for equitable relief and dismiss the action.[1] *Id.* at 16:25–17:2; [17]. Three days after MBUSA brought this action, JP Motors filed an administrative protest with the Illinois Motor Vehicle Review Board ("Board") alleging, among other things, that MBUSA violated the Act by demanding an apportionment of the purchase price and

---

[1] JP Motors alternatively requested the Court stay the proceeding pursuant to the abstention doctrine in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). [17].

refusing to proceed with the approval process of the buyer's application.[2] [18], Ex. 1 at 2–3.

At the hearing on the preliminary injunction, this Court expressed its concern with the "practical question" of how the deal would be able to close while the protest was pending before the Board. *Id.* at 21:5–11. Counsel for MBUSA stated that JP Motors "can't close without [their] consent." *Id.* at 16:21. Counsel for JP Motors noted that the closing could not occur until the Board rendered its opinion, and even after that, either party could begin the appeal process in the Circuit Court of Cook County or Sangamon County. *Id.* at 22:12–17. Counsel for MBUSA also noted that it would be "mov[ing] to dismiss [the protest before the Board] based on the fact that it's a premature protest" and characterized the dispute as purely contractual. *Id.* at 23:7–8, 24:13–18. The Court took MBUSA's motion for a preliminary injunction and JP Motors's motion to dismiss under advisement and set a briefing schedule on the latter. [19].

On June 26, 2023, the parties attended an in-person mandatory settlement conference related to the administrative proceeding pending before the Board but did not reach a settlement. [35]. The Court stayed this action pending a ruling on MBUSA's motion to dismiss the protest before the Board because, as the parties recognized, a dismissal would moot the abstention issue. *Id.*; [36].

On October 3, 2023, MBUSA filed a motion for "interim relief on or before October 9, 2023," seeking (1) to lift the Court's stay of the case and (2) an order temporarily staying the date by which MBUSA must respond to the proposed sale. [37]. MBUSA's motion seeking "urgent" relief admitted that the hearing officer in the Board proceeding denied MBUSA's motion to dismiss about seven weeks earlier on August 14, 2023. [38] at 1 n.1. MBUSA decided to wait to request this relief until the hearing officer entered his written order due to unresolved objections raised by JP Motors. *Id.*

Over the prior months, JP Motors had submitted the materials to MBUSA to complete the application package and trigger the 60-day clock for MBUSA to exercise its ROFR and approve or disapprove the sale. *Id.* at 6–7. In their motion, MBUSA

---

[2] JP Motors filed its protest under the following provisions of the Act: (i) § 7, which prohibits a distributor from placing unreasonable restrictions on a dealer's ability to sell its dealership; (ii) §§ 4(e)(6) and (11), which prohibits a distributor from turning down a proposed equity or asset sale of a dealership without good cause; (iii) § 4(e)(14), which prohibits a distributor from exercising a right of first refusal unless certain conditions are met; and (iv) § 4(b), which prohibits a distributor from acting in an arbitrary, bad faith, or unconscionable manner that causes damage to a dealer. 815 ILL. COMP. STAT. 710 §§ 4(b), 4(e)(6), 4(e)(11), 4(e)(14), 7.

3

agreed that the buyer application was completed on August 10, 2023 (aside from the apportionment).[3] *Id.*

On October 5, 2023, an emergency judge heard arguments on MBUSA's motion and "order[ed] a standstill of all contractual and statutory deadlines of [MBUSA] under its Dealer Agreements with [JP Motors] and the [Act], to approve, disapprove, or exercise rights of first refusal over the proposed sale of JP [Motors]'s Mercedes-Benz dealership assets" until the following week when the Court could address the issues raised. [48]; [50].

On October 11, 2023, the Court heard arguments on the motion for interim relief and extended the stay of contractual and statutory deadlines until November 15, 2023, to allow the Court time to address JP Motors's fully briefed motion to dismiss. [53]. The Court later, *sua sponte*, extended those deadlines through November 29, 2023. [58]; [61].

On November 28, 2023, the Court entered a Memorandum Opinion and Order (the "Order") granting JP Motors's motion to dismiss under the *Burford* abstention doctrine and denying MBUSA's motion for a preliminary injunction as moot. [62] at 10. To allow MBUSA time to appeal, the Court stayed the Order through January 12, 2024, and stayed the contractual and statutory deadlines through January 12, 2024. *Id.*

On January 8, 2024, MBUSA filed the present motion pursuant to Federal Rule of Civil Procedure 62(d) to continue the Order's stay of contractual and statutory deadlines pending appeal. [68]. On January 9, 2024, the Court set a briefing schedule and temporarily continued the Order's stay of contractual and statutory deadlines through April 15, 2024. [70].

### III. Discussion

MBUSA moves pursuant to Federal Rule of Civil Procedure 62(d) to continue the stay of statutory and contractual deadlines to either approve JP Motors's sale or to exercise its ROFR for (a) the duration of its appeal before the Seventh Circuit Court

---

[3] The parties agree that on August 17, 2023, MBUSA wrote to JP Motors and stated "as of August 10, 2023, subject to your providing us with certain documents at closing, we had received all of the other documents and information we requested. … If your position were to be correct, then under the terms of the … Dealer Agreements and … [Act], we would have until October 9, 2023 to approve or deny the proposed transaction. Accordingly, absent further direction from the Federal Court or the … Board, [we] will notify you, on or before October 9, 2023, whether we will: (i) approve, disapprove, or exercise rights of first refusal with respect to the proposed transaction, or (ii) abstain from making such a decision pending a resolution of the parties' dispute by the Federal Court or Board." [47-2] (Letter from Hannah Wilder to Joseph Leydon (Aug. 17, 2023)).

of Appeals or, in the alternative, (b) a temporary period in order to allow it to petition the Seventh Circuit under Federal Rule of Appellate Procedure 8. [69] at 2.

Rule 62(d) provides: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." *See Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 384 (7th Cir. 2018) (Rule 62(d) "allow[s] the district court to modify an injunction to maintain the status quo pending appeal").

In deciding whether to issue a stay under Rule 62(d), courts consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776–77 (1987)).

This standard calls for an "equitable balancing," *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir.), and stronger showings on some factors can offset weaker showings on others, *Hilton*, 481 U.S. at 777–78. A stay should be granted if the balance of equities favors it, but the burden of showing that a stay is justified falls on the party requesting it. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

As an initial matter, the Court notes that from the inception of this case MBUSA repeatedly stressed that the protest before the Board would be dismissed for lack of jurisdiction. The hearing officer rejected the jurisdictional challenge, and the proposed decision concludes that MBUSA violated multiple sections of the Act by insisting upon an apportionment and refusing to approve JP Motor's proposed transaction. [87]. The hearing officer's proposed decision also concludes that MBUSA has no contractual ROFR or right to an apportionment because the parties' contract (Dealer Agreement) expired in 2012. [87-1] ¶¶ 88–93. Further, the hearing officer found that the Act does not confer MBUSA with a ROFR or right to an apportionment. *Id.* Because of MBUSA's violations of the Act, the hearing officer concludes that JP Motors's protest against MBUSA should be sustained and "once the federal court lifts the stay, MBUSA shall immediately process and approve the pending sale without further delay." *Id.* at 51–52.[4]

---

[4] The hearing officer's proposed decision is subject to approval of the full Board at its meeting on May 9, 2024. [87]; [88]. The Board's final decision will be appealable under the Illinois Administrative Review Act, 735 ILL. COMP. STAT. 5 § 3-103, to the Illinois circuit court within 35 days. 815 ILL. COMP. STAT. 710 § 31. The Illinois circuit court decision will be appealable to the Illinois appellate court. 735 ILL. COMP. STAT. 5 § 3-112.

First, MBUSA argues that the appeal raises serious and difficult questions of law. The Court need not consider the aforementioned history of the Board proceeding or the hearing officer's proposed decision to evaluate MBUSA's likelihood of success on the merits. The question here is whether this Court was right to abstain. Here, MBUSA has not presented "new issues or arguments which [the Court] had not considered when making [its] ruling, nor [has MBUSA] brought to the Court's attention any factual inadequacy upon which the Court relied. The law regarding the discretionary power of abstention is settled and unambiguous." *Accident Fund v. Baerwaldt*, 579 F. Supp. 724, 726 (W.D. Mich. 1984).

Second, MBUSA contends that it will be irreparably harmed absent a stay because its deadline to respond to the proposed sale has passed if it is not entitled to an apportionment. JP Motors responds that nothing is prohibiting MBUSA from taking a position on the sale as MBUSA indicated it would do in its August 2023 letter (absent court intervention or action by the Board). [47-3] (Letter from Hannah Wilder to Joseph Leydon (Aug. 17, 2023)). Regardless, the irreparable harm that MBUSA highlights is being litigated before the Board and any decision is appealable to the Illinois circuit court and Illinois appellate court.

Third, a stay is likely to result in harm to JP Motors. JP Motors has been trying to sell its business for over a year now. The other two manufacturers, Chevrolet and Nissan, have conditionally approved the transfer of JP Motors's assets to Laspo and are waiting for this dispute with MBUSA to be resolved. The delay in the sale is depriving JP Motors from obtaining a liquidated sum for its business. The longer the closing is delayed, the more uncertainty surrounds the underlying transaction, and changes in market conditions or valuations could affect the viability of the transaction.

Fourth, a stay of the case is not in the public interest. When the Act was passed in 1979, the Illinois General Assembly explained that "[t]he purpose of the bill is to attempt to strike a more fair balance between the interests of the manufacturers of automobiles and the dealers." 81st Ill. Gen. Assem., Senate Proceedings, May 25, 1979, at 207 (statement of Senator Berman). Specifically, the Act was designed to release dealers who were held "captive of the whims of the [automobile] manufacturers." *Id*. Illinois courts recognize that the Act was "created for the benefit of the dealers and must therefore be liberally construed to carry out the legislative intent." *Kawasaki Shop of Aurora, Inc. v. Kawasaki Motors Corp.,* U.S.A., 544 N.E.2d 457, 460 (Ill. App. Ct. 1989).

In sum, MBUSA has not shown that the circumstances justify a stay of the Order. Thus, the Court denies MBUSA's request to stay contractual and statutory deadlines for the duration of its appeal before the Seventh Circuit.

The Court grants MBUSA's request for a temporary stay to permit MBUSA to seek relief in the Seventh Circuit under Federal Rule of Appellate Procedure 8. Therefore, all contractual and statutory deadlines of MBUSA under its Dealer Agreements with JP Motors and the Illinois Motor Vehicle Franchise Act, 815 ILCS 710/1 et *seq.*, to approve, disapprove, or exercise rights of first refusal over the proposed sale of JP Motors's Mercedes- Benz dealership assets are temporarily stayed through April 26, 2024.

## IV.   Conclusion

For the stated reasons, MBUSA's motion to continue stay pending appeal [68] is granted in part and denied in part. The Court temporarily stays all contractual and statutory deadlines of MBUSA to approve, disapprove, or exercise rights of first refusal over the proposed sale of JP's Motor's Mercedes-Benz dealership assets through April 26, 2024.

E N T E R:

Dated: April 16, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge